FILED
·SUPERIOR COURT
OF GUAM

2014 MAR 27 AM 8: 56

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,　　　　　　　　　) 　　　Criminal Case No.: CF0268-13

v.　　　　　　　　　　　　　　　　　　 )

PAULA L.A. TEDTAOTAO,　　　　　　　　)　　　**DECISION AND ORDER**
ANTHONY M.T. GUMATATAO
and CANDERLARIA M. PEREZ,　　　　　 )

　　　　　　　　　Defendant.　　　　　 )

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Gumataotao's motion to sever, suppress evidence, for discovery and for visitation was taken under advisement on March 4, 2014. The People are represented by Assistant Attorney General James L.G. Stake. Defendant is represented by attorney Anthony R. Camacho. Having reviewed the motion, memorandum and papers presented, the Court now issues the following decision granting in part Defendant's motions.

## BACKGROUND

On May 23, 2013, Defendants Tedtaotao, Gumataotao and Perez were indicted upon the following charges and counts: 1) Burglary, as a 2nd Degree felony, two counts; 2) Theft of Property as a 2nd Degree Felony; 3) Theft of Property, as a Misdemeanor, four counts. Within

ORIGINAL

the same indictment Defendant Tedtaotao was also charged with: 1) Intimidation of Witness by Extortion, as a 3rd Degree Felony; and 2) Child Abuse, as a Misdemeanor.

On January 17, 2014, Defendant Gumataotao filed a paper entitled, Motion to Sever, Motion to Suppress Evidence, Motion for Discovery, and Motion for Visitation. In it he argues and asserts that pursuant to 8 GCA § 63.35 (sic) he is entitled to a separate prosecution because his right to confront and cross-examine will be violated by the statements and confessions of non-testifying Co-Defendants Tedtaotao and Perez. Defendant Gumataotao further requests that any statements that he gave to the Guam Police Department be suppressed. In support of this request he asserts that despite requesting to speak with an attorney and not waiving his rights, police officers continued to question him.

He asserts that as a result of their continued questioning he made incriminating statements and gave them a tour of various alleged crime scenes. Upon the same basis, Defendant Gumataotao also argues that any evidence seized from his residence located at #113 Bilibiines Court, Liguan Terrace, Dededo on or about May 15, 2013 should be suppressed. Defendant Gumataotao's motion also contains a request for specific discovery and requests visitation with co-defendant Paula Tedtaotao, his biological mother.

On February 24, 2014, the People filled their response to Defendant's motions. In its opposition to Defendant's motion to sever the People, citing the U.S. Supreme Court argue that redaction of all mention of the name of a co-defendant from the statement is sufficient to protect defendants' rights in a joint trial. The people assert that here the statements may be so redacted to protect the rights of the Defendant.

As to the Defendant Gumataotao's motion to suppress the People argue and assert that the circumstances of the case reveal that after requesting an attorney and invoking his rights,

Defendant subsequently waived his rights. The People assert that upon invoking his rights the Police and the Defendant tried to contact Defendant's attorney and after being unsuccessful Defendant waived his rights and agreed to co-operate.

The People generally respond to Defendant's discovery request by asserting that: they will supply all evidence in the time permitted by Guam Law; they have already provided all their discovery material; and that Defendant's request is too broad and as such impermissible. The People do not oppose Defendant's request for visitation.

Defendant did not file a reply.

## DISCUSSION

### I. Severance

Section 65.35 of Title 8 of the Guam Code regulates when a criminal trial of multiple co-defendants must be severed. 8 GCA § 65.35. It provides,

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*Id.* This section has yet to be interpreted by the Guam Supreme Court. On its face Section 65.35 requires that a movant make a showing of an appearance of prejudice that may not be cured by other just relief. *Id.* Defendant has not met the requisite standard for review under this statue.

In this case Defendant generally asserts that there are incriminating statements made by his co-defendants which reference him and would violate his rights to confrontation. Mot. at 1-2. In his motion Defendant fails to provide these the incriminating statements or argue how redaction is insufficient. The incriminating co-defendant statements are neither provided nor specifically described. The Court is therefore unable to begin an analysis of those statements

and their possible prejudice. see, *Lamb v. Hoffman*, 2008 Guam 2 ¶¶ 34-36. Absent some further showing by the Defendant under the above standard the Court is not persuaded that the above matters should be severed. *Id.*

**II. Suppression**

In 2007 the Guam Supreme Court explained, "[t]estimonial evidence that is a product of custodial interrogation is inadmissible unless a defendant waived the privilege against self-incrimination." *People of Guam v. Farata*, 2007 Guam 8 ¶ 46. Waivers must be voluntary and made after a knowledge of the rights waived. *Id.* Whether a wavier was voluntary is reviewed under a totality of the circumstances test. *Id.* As explained by various U.S. Federal Circuit Courts of Appeal, in a motion to suppress, a defendant carries the initial burden of showing illegality. *U.S. v. Benoit*, 730 F.3d 280, 288 (3rd Cir. 2013); see, *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36.

After this initial burden of sufficiency is met the burden falls upon the people to show legality. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). The U.S. Supreme Court in 1986 and subsequent Federal Circuit Courts of Appeal have subsequently and consistently held that, "[w]henever the State bears the burden of proof in a motion to suppress a statement that the defendant claims was obtained in violation of our Miranda doctrine, the State need prove waiver only by a preponderance of the evidence." *Id.*; *U.S. v. Capers*, 627 F.3d 470, 480 (2nd Cir. 2010).

Although in this case the People concede sufficient facts to support a finding of illegality under the Defendant's burden, each of the Parties fail to submit sufficiently verifiable facts for the Court to find that either Parties' burden has been met. Moreover because there are disputed issues of material fact concerning the knowledge and possible waiver of Defendant's rights, this

matter requires the presentation and consideration of testimonial evidence. Accordingly this matter shall be set for an evidentiary hearing were each Party shall be provided adequate opportunity under the above standard.

**III. Discovery**

Section 70.10 of Title 8 of the Guam Code generally regulates matters of discovery in criminal actions brought before the Court. 8 GCA § 70.10 (2013). It provides,

> (a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:
> > (1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;
> > (2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;
> > (3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;
> > (4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;
> > (5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;
> > (6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;
> > (7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.
> (b) The prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office.

*Id.* In addition to specifically requesting information indicated in subpart (a)(5) of this section, Defendant also request that the Court order that he be provided with: 1) any plea agreements

wherein any of the Defendant's co-defendants have agreed to cooperate with the Government's prosecution of him; and 2) any and all juvenile records of two of the minor children of co-defendant Paula Tedataotao. Mot. at 3-4.

Defendant fails to assert or argue the necessity or relevance of this information or cite any authority or law requiring its discovery. The People, also without any citation to or analysis of any rule or law, generally respond by asserting that they have provided all the relevant material in their possession and objecting that the Defendant's request is overly broad. Absent some assertion and analysis of the necessity and relevance of identification of Defendant's third request the Court is not persuaded that it falls within the scope of discoverable material.

## IV. Visitation

The People to not oppose Defendants request to visit his biological mother Paula Tedtaotao. Accordingly this request is granted.

## CONCLUSION

Based upon the foregoing Defendant's request to sever is denied. Parts one and two of Defendant's motion for discovery are hereby granted and the People ordered to provide them to Defendant expeditiously. Absent some other administrative rule or decision disallowing visitation between Defendant and Paula Tedtaotao, he is hereby allowed to visitation with her. An evidentiary suppression hearing is hereby set for _April 16, 2014_, at _10:00_ m.

SO ORDERED this _26th_ day of _March_ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG · A Camacho
APD · D. Moylan
Date: 3/27/14 Time: 9:30 AM

Deputy Clerk, Superior Court of Guam